The opinion of the Court was delivered by
MuNRO, J.
Where a party seeks to recover damages for an injury to his person or his property, resulting from the negligence of another, to entitle him to recover, he must show that his own conduct has been free from blame; for if it be made to appear that he has- contributed- to his own misfortune, or that by the exercise of ordinary care he might have avoided the consequences of the defendant’s negligence, he is then considered as the authqr of his own wrong, and cannot recover — in other words, if the mischief complained of be the result of the combined negligence of both parties, they must remain in statu quo, neither party can recover against the other, for it is clear there must be wrong as well as damage, and theive can be no legal' injury, where the loss is the result 'of the common fault of both parties. 11 East, 60; 24 E. C. L. R. 369; 10 Mee. & Wels. 548.
If we subject the faets of this case to- the test of the foregoing rule, it is clear that the plaintiff has entirely failed to exhibit, such a case as entitles him to recover; for if it even be conceded the defendants were to blame in permitting, the fence to be erected at the cattle guard, and that it interrupted the view of the engineer along the road — the ground by the way, that was chiefly relied on in the argument — i't must at the same time- be conceded, that the conduct of the plaintiff’s slave, a *127 being indued with reason and forethought, was, to say the least of it, not less culpable, in voluntarily lying down to sleep by the side of the track, over which'he must have known the train was in the daily habit of passing at stated periods, and that if it did pass while he remained in that posture the consequences to him could hardly fail to prove otherwise than fatal.
But again, might not the consequences of the assumed negligence of the defendants, in permitting the erection of the above mentioned structure, have been easily avoided, by the exercise, on the part of the' slave, of the most ordinary prudence ? when all he had to do, in order to avoid the coming in contact with the train, was simply to have obeyed the natural instinct of self preservation, by keeping at a proper distance from the road ; and if he felt disposed to go to sleep, to have selected a situation for that purpose but a few feet, or even a few inches removed from the place which he did select, and where he would have been entirely beyond the reach of danger.
But if we subject this case to the test of another rule, a rule not less important than the former in the adjudication of the class of torts to which this casé belongs, and for the redress of which the present form of action is the appropriate remedy, namely: “ that the damage must always be the natural and proximate consequence of the act complained of;” it will prove not less fatal than does the former, to the plaintiff’s right to recover.
In the application of this rule to the case in hand, it is only necessary to refer to the ruling of the Court in the case of Felder vs. The L. & Cin. R. R. Co., (1 M‘Mul. 403.) In that case the plaintiff’s slave went to sleep on the road, where the grass was so high as to obstruct the view 'of the engineer until the engine was too near to the body to stop it, so that it ran over the slave and killed him; and the Court held, “ that the proximate cause of the slave’s death was his own voluntary imprudence, in placing himself in a situation of danger;” and *128 in reply to the argument that the defendants should be held liable for not keeping the grass cut down, that had obstructed the view of the engineer, the Court said — “ This was a remote source of danger, and could not be regarded as the proximate cause of the accident, for the engine might have run over the boy, notwithstanding the high grass, as from the situation of the body, it might not have been seen by the engineer until it was too late to stop the engine.”
The same will be found to have been laid down even more broadly than it was in Felder’s case, by the Appellate Tribunal of an adjoining state, in the case of Herring vs. The Wil. & Raleigh R. R. Co., (10 Iredell, 402.) In that case, two of the plaintiff’s slaves were asleep on the track, when the wheels of the engine passed over one of them and killed him, and badly injured the other, but the Court said — " It cannot be inferred from the fact, that he (the engineer) made no effort to stop the engine, until he got within twenty-five or thirty yards of the negroes, for that was entirely consistent with the supposition that he had seen them for half a mile ; because, seeing them to be^ men, he naturally supposed they would get out of the way before the cars reached them, and might well have continued under this impression until he got near enough to see that they were either drunk or asleep, which he was not bound to foresee ; and his being then too near to stop, so as to save them, was their misfortune, not his fault.”
Seeing then, that there has been no judicial error in the charge of the Circuit Judge, and that the question of negligence has been resolved by the jury in favor of the defendants, we can perceive no reason why the verdict should be disturbed.
The motion is therefore dismissed.
O’Neall, Wardlaw, Withers, Whither, and Glover, JJ., concurred.

Motion dismissed.